UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

**In re**:

**CARLOS JAVIER SOTO GONZALEZ**

**Debtor**

CASE NO. 19-04523(BKT)

Chapter 13

**OBJECTION TO CONTINUATION OF STAY AS TO SANTANDER**

TO THE HONORABLE COURT:

COMES NOW BANCO SANTANDER – PUERTO RICO **("Santander")**, through its undersigned counsel, and very respectfully alleges, states and prays:

**Introductory Statement**

On August 15, 2019 (Docket No. 8), Debtor filed a *Motion Requesting the Imposition of the Automatic Stay* without *clear and convincing evidence* to overcome the presumption of bad faith filing set forth by Section 362(c)(3)(B) and (C) of the Bankruptcy Code, 11 U.S.C. §362(c)(3)(B) and (C).

    **A.**    **Statutory Framework**

1. In 2005, section 362(c)(3) was enacted under the *Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA)*. Section 362(c)(3)(B) and (C) of the Bankruptcy Code, 11 U.S.C. §362(c)(3)(B) and (C), state:

    **(c)**    Except as provided in subsections (d), (e), (f) and (h) of this section—

[…]

(3) If a single or joint case is filed by or against a debtor who is an individual in a chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period

Case No. 19-04523(BKT) 2
---------------------------------

but was dismissed, other than a case refiled under a chapter other than Chapter 7 after dismissal under section 707(b)—

**(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

> "**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
>
> **(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-
>
> **(i)**    as to all creditors, if---
>
>> **(I)** more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was debtor was pending within the preceding 1-year period;
>>
>> **(II)** a previous case under any of chapters 7, 11, and 13 in which the individual was debtor was dismissed within such 1-year period, after the debtor failed to-
>>
>>> **(aa)** file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>>
>>> **(bb)** provide adequate protection as ordered by the court; or
>>>
>>> **(cc)** perform the terms of a plan confirmed by the court or
>>
>> **(III)** there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

Case No. 19-04523(BKT)     3
---------------------------------

> *(aa) if a case under chapter 7, with a discharge; or*
>
> *(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and*
>
> *(ii)    as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or lifting the stay as to such action of such creditor."*

2. *"When the prior dismissal is a chapter 13 case, there are generally two primary areas of inquiry: 1) what are the reasons why the debtor's previous plan failed and 2) what has changed in the debtor's circumstances so that the present plan is likely to be successful."* 3 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy,* ¶ 362.06[3](b)(16th ed. 2019). In re Maried del C. García Rivera, Case No. 19-00163(EAG)(Bankr. D.P.R. May 14, 2019).

3. Our First Circuit has recently held in In re Smith, 910 F.3d 576, 591 (1st Cir. 2018), that *[b]ased on the provision's text, the statutory context, and Congress's intent in enacting BAPCPA, we hold that §362(c)(3)(A) terminated the entire automatic stay – as to actions against the debtor, the debtor's property, and property of the bankruptcy estate – after thirty days for second-time filers.*

     **B.**     **Procedural History**

4. This is Debtor's fourth bankruptcy case, all filed by attorney Michelle Rivera Colón. See, Docket No. 8, ¶1.

5. On August 15, 2019 (Docket No. 8), Debtor filed a *Motion Requesting the Imposition of the Automatic Stay*. Debtor avers in paragraph 3:

Case No. 19-04523(BKT) 4
---------------------------------

*"(3) Debtor is in a more stable position to comply with the terms of the plan and the domestic support obligation arrears have decrease."*

6. Debtor has failed to file a Chapter 13 plan, evidence of a change in his financial position since the dismissal of the last case, or evidence of the decrease in his domestic support obligations.

### C. Presumption of filing not in good faith

7. Debtor's most previous bankruptcy case was dismissed on May 23, 2019, upon Debtor's failure to file evidence of being current in his DSO claim. See, Case No. 18-01351(BKT), Docket Nos. 87, 90.

8. In Debtor's most previous bankruptcy case, Santander's motion for relief from stay under 11 U.S.C. §362(d) had been granted. See, Case No. 18-01351(BKT), Docket No. 83.

9. Accordingly, the automatic stay does not apply as to Santander, pursuant to 11 U.S.C. §362(c)(3)(C)(ii).

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order denying Debtor's *Motion Requesting the Imposition of the Automatic Stay* against Debtor and the estate property, pursuant to 11 U.S.C. 362(c)(3).

### NOTICE

**WITHIN FOURTEEN (14) DAYS FROM SERVICE OF THIS MOTION, ANY PARTY OBJECTING TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS MOTION WITH THE CLERK'S OFFICE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUEST RELIEF IS AGAINST PUBLIC POLICY; OR**

Case No. 19-04523(BKT) 5
---------------------------------

**(3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to **Michelle Rivera Colón, Esq.,** bufeteriveracolon@hotmail.com; **Alejandro Oliveras Rivera,** Chapter 13 Trustee, aorecf@ch13sju.com, **Monsita Lecaroz Arribas, Esq. Assistant U.S. Trustee,** Monsita.Lecaroz@usdoj.gov, and to other parties which have made an electronic appearance in this case.

San Juan, Puerto Rico, this 21th day of August, 2019.

s/SERGIO A. RAMIREZ DE ARELLANO
SERGIO A. RAMIREZ DE ARELLANO
SARLAW LLC
Attorneys for SANTANDER
Banco Popular Center, Suite 1022
209 Muñoz Rivera Avenue
San Juan, PR 00918-1009
Tel. 765-2988; 764-6392
FAX 765-2973
U.S.D.C. 126804
sramirez@sarlaw.com