Case:19-04523-BKT7 Doc#:58-1 Filed:03/05/20 Entered:03/05/20 17:20:19 Desc:
Supplement Supoena to be Issued by Clerk Page 1 of 14

B254 (Form 254 - Subpoena for Rule 2004 Examination) (12/87)

# UNITED STATES BANKRUPTCY COURT

District of __PUERTO RICO__

In re __OTONIEL GONZALEZ PEREZ__
Debtor

SUBPOENA FOR RULE 2004 EXAMINATION

Case No.* __16-02622 BKT__

To: __OTONIEL GONZALEZ PEREZ__
PO Box 192098
San Juan, Puerto Rico 00919-2098

Chapter __13__

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment for list of documents or objects which can be copied and forwarded to counsel for creditor & creditor billed for the production through copying of the documents in lieu of appearance at the time and place here indicated.

| PLACE | DATE AND TIME |
|---|---|
| Urb Villa Blanca<br>76 Aquamarina<br>Caguas, Puerto Rico 00725-1908 | June 7, 2016 3:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Lyssette Morales Vidal<br>Attorney for Creditor, Yolanda Muñoz Maldonado | May 16, 2016 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Urb Villa Blanca, 76 Aquamarina, Caguas, Puerto Rico 00725-1908 787.746.2434/787.258.2658

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Case:19-04523-BKT7 Doc#:58-1 Filed:03/05/20 Entered:03/05/20 17:20:19 Desc:
Supplement Supoena to be Issued by Clerk Page 2 of 14

B254 (Form 254 - Subpoena for Rule 2004 Examination) (12/87)

# PROOF OF SERVICE

| SERVED | DATE<br>5/16/2016 | PLACE<br>Via U.S. Postal Service & through counsel for debtor |
|---|---|---|
| SERVED ON (PRINT NAME)<br><br>OTONIEL GONZALEZ PEREZ | | MANNER OF SERVICE<br><br>First Class Mail |
| SERVED BY (PRINT NAME)<br><br>IRMA L. PASTOR | | TITLE<br><br>Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5/16/2016                                  s/ Irma L. Pastor
                     DATE                                        SIGNATURE OF SERVER

Urb Villa Blanca, 76 Aquamarina, Caguas 00725-1908
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. **A party or attorney responsible for issuing and serving a subpoena must take reasonable steps** to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty **and impose an appropriate sanction – which may include lost earnings and reasonable attorney** s fees **- on a party or attorney who fails to comply.**
  (2) Command to Produce Materials or Perant Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing or trial.
    K Objections. A person commanded to produce documents or tangible things or to **permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.** The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. **On timely motion, the issuing court must quash or modify a** subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) **requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in** person - except that, subject to **Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial** is held;
      (iii) requires disclosure of **privileged or other protected matter, if no** exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert s opinion or information that does not **describe specific occurrences in dispute and results from the expert** s study that was not requested by a party; or
      (iii) **a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial**
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must **produce them as they are kept in the ordinary course** of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a forni for producing electronically stored information, the person responding must produce it in a form or fornis in which it is ordinarily maintained or in a reasonably usable form or fonris.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored inforniation in more than one forni.
    (D) Inaccessible Electronically Stored Information. The person responding **need not provide discovery of electronically stored information from sources that the person** identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. **If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows** good cause, considering the limitations of Rule 26(b)(2)(C). **The court may specify conditions for the discovery.**
  (2) Claiming Privilege or Protection.
    (A) Inforniation Withheld. A person withholding subpoenaed inforniation under a claim that it is privileged or subject to protection as tfial-preparation material must:
      (i) **expressly make the claim; and**
      (ii) describe the nature of the withheld documents, communications, or **tangible things in a manner that, without revealing information** itself privileged or protected, will **enable the parties** to assess the claim.
    (B) Information Produced. If inforniation produced in response to a subpoena is subject to **a claim of privilege or of protection as tfial-preparation material, the person making the claim may notify any party that received the inforniation of the claim and the basis for** it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it **has**; **must not use or** disclose **the information until the claim** is resolved; must take reasonable steps to **retrieve the information if the party** disclosed it **before being notified; and may** promptly present the inforniation to the court under seal for a determination of the claim. The person who produced the inforniation must preserve the inforniation until the claim is resolved.

(e) Contempt.
**The issuing court may hold in contempt a person who, having been served, fails without adequate** excuse to obey the subpoena. **A nonparty's failure** to obey must be excused if **the subpoena purports to require the nonparty to attend or produce at a place** outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>OTONIEL GONZALEZ PEREZ<br>PO Box 192098<br>San Juan 00919-2098<br>SSN xxx-xx-3841<br>Debtor | BANKRUPTCY 16-2622 BKT<br><br>CHAPTER 13 |

# MOTION FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO THE HONORABLE COURT:

COMES NOW creditor, YOLANDA MUÑOZ MALDONADO and pursuant to FRBP 2004, the undersigned on her behalf, respectfully requests the Court to order a production of documents as follows:

1. Witness to be commanded to produce documents: Otoniel González Pérez.
2. Date: 6/7/2016
3. Time: 3:00 p.m.
4. Place: Urb Villa Blanca, 76 Aquamarina, Caguas, Puerto Rico 00725-1908, or by electronic transmission or by mail or Messenger.
5. Scope of production: Any and all matters within the scope of FRBP 2004(b) and any matters relating to the financial condition of the debtor including the source of money acquired or to be acquired by the debtor for purposes of consummating a plan and any other matter, but not limited, and relevant to the case or to the formulation of a plan.
6. Documents to be produced:

a) Produce individual Tax Returns [state & federal] 2015, 2014, 2013 & 2012 with all attachments.

b) Produce business Tax Returns [state & federal] 2016 as required, 2015, 2014, 2013 & 2012 for any business(es), corporation(s) [professional or otherwise] &/or partnership(s) in which you have an interest or participation with all attachments

Page **1** of **4**

c) Produce name of all business(es), corporations &/or partnerships in which you have held or owned an interest in whatever capacity or interest during the last 5 years [2011-2016]

d) Produce name & address of owner [including yourself] of property in which you have owned, lived, resided &/or rented during the last 5 years 2016, 2015, 2014, 2013, 2012.

e) Produce copy(ies) of lease contract(s), deed(s) and/or cancelled checks in payment of rent &/or mortgage in any or all properties in which you have owned, lived, resided &/or rented during the last 5 years: 2016, 2015, 2014, 2013, 2012 as required in item #d.

f) Produce names with addresses of all entities for which you have worked or serviced in any and all capacities individually or through a business, corporation or partnership or as an employee during the last 5 years as of May 2016, all of 2015, all of 2014, all 2013 & as of last six months of 2012.

g) Produce, detail & list evidence of all your income &/or commissions received and/or generated & not yet paid during the 6 months immediately before filing your petition in bankruptcy on 4/4/2016 & during the month of April & May of 2016.

h) Produce bank statements of all bank(s) [including Cooperatives, Savings, Checking] Annuity or any Investment accounts which you have held individually or in business, corporation &/or partnership or in joint bank/Annuity/Investment accounts with another during the last 5 years as of May 2016, all of 2015, all of 2014, all of 2013 & as of last six months of 2012.

i) Produce credit card statements of all credit cards which you have held or in which you hold or share a credit card on another's account during 2016, 2015 and 2014.

j) Produce, detail, list all credit card issuer/creditor, with address & account numbers, which you have held or in which you make use of a credit card during 2016, 2015 and 2014 including in your employment.

k) Produce, detail, list and describe all jewelry that you have owned, possessed &/or sold during 2016, 2015 and 2014.

l) Produce, detail and list evidence of transfer, sale or gift of any or all jewelry or other personal property during 2016, 2015 and 2014.

m) Produce, detail and describe the property co-owned in the Estate of Cleofe González, including superficial size.

n) Produce, detail and describe all other property co-owned in the Estate of Cleofe González, including bank accounts or other interests in the Estate of Cleofe González.

o) Produce opinion, appraisal or comparable used for valuing all properties scheduled in Schedule "A" & the property co-owned in the Estate of Cleofe González.

p) Produce names and addresses of any and all bookkeepers and/or accountants used personally and/or in any of your businesses, corporations or partnerships during 2 years immediately preceding the bankruptcy filing.

q) Produce, list and describe names, addresses, taxpayer-identification numbers, nature of the business(es), beginning and ending dates of all business(es) in which the debtor is or was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or is or was self-employed in a trade, profession, or other activity either full or part time within six years immediately preceding the commencement of this case, or in which debtor owns or owned 5 percent or more of the voting or equity securities within 6 years immediately preceding the commencement of this case.

   i. If the debtor is or has been in a partnership, list the names, addresses, taxpayer identification number(s), nature of the business(es), and beginning and ending dated of all business(es) in which the debtor is or was a partner or owned 5 percent or more of the voting or equity securities, within 6 years immediately preceding the commencement of the case;

   ii. If the debtor has a corporation, list the name(s), address(es), taxpayer identification numbers, nature of the business(es), and beginning and ending dates of all business(es) in which the debtor is or was a partner or owns or owned 5 percent or more of the voting or equity securities within 6 years immediately preceding the commencement of this case.

Page **3** of **4**

r) Identify *Unlimited Insurance & Financial Services Inc.* and provide the bank statements for all account(s) appearing under this name, if not already included in the above submissions.

s) Provide a copy of all W2's or 480's for all entities which have compensated or paid you during the last 2 fiscal years [2015 & 2014].

t) In the event that any of the entities that compensate or pay you does not provide you with a W2 or a 480, indicate name and address of the entity and the amounts paid annually for the last 2 fiscal years [2015 & 2014].

6. Time, Date and Place of Production (if different from examination): N/A

7. Movant's calculation of mileage pursuant to FRBP 2004(e): N/A

**CERTIFICATION BY COUNSEL OF ATTEMPT TO RESOLVE**

8. The undersigned has conferenced with Ms. Ma. E. Vicens Rivera Esq., on May 16, 2016 and she has advised that she does not oppose this Motion and will agree to produce the documents described herein without the formal service of subpoena *duces tecum* pursuant to FRBP 9016; a copy of *Subpoena for Production of Documents* has electronically been emailed to counsel with the list of the documents for which production is requested in anticipation of our motion.

**CERTIFICATION OF SERVICE BY MAIL ON DEBTOR**

9. On May 16, 2016 a copy of the same was mailed to debtor at PO Box 192098, San Juan 00919-2098 and upon belief a copy has been electronically noticed to the Chapter 13 Trustee and all participants in CmEcf.

DATED: May 15, 2016

RESPECTFULLY SUBMITTED,

s/*LA Morales*
LYSSETTE A MORALES VIDAL
USDC PR #120011
L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
#76 AQUAMARINA STREET
CAGUAS PUERTO RICO 00725-1908
TEL (787)746-2434 FAX 258-2658
E-mail: lamoraleslawoffice@gmail.com

*On behalf of Creditor YOLANDA MUÑOZ MALDONADO*

Page **4** of **4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE<br><br>OTONIEL GONZALEZ PEREZ<br>PO Box 192098<br>San Juan 00919-2098<br>SSN xxx-xx-3841<br>Debtor | BANKRUPTCY 16-2622 BKT<br><br>CHAPTER 13 |
|---|---|

**Attachment** to SUBPOENA FOR RULE 2004 EXAMINATION

**Attachment** to SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

# Rule 45. Subpoena

(a) In General.

(1) *Form and Contents.*

(A) *Requirements—In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition—Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

Page **1** of **8**

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* [28 U.S.C. §1783](#) governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

Page **2** of **8**

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

Page **3** of **8**

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of [Rule 26(b)(2)(C)](#). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## Amendment to Rule 45 of the Federal Rules of Civil Procedure - Subpoenas

As of December 1, 2013, Rule 45 recognizes the court where the action is pending as the "issuing court" and permitting service throughout the U.S.

In addition, Rule 45 was amended to address subpoenas to testify at a trial, hearing or deposition and compliance therewith. In addition, amended Rule 45 addresses issues relating to transfer of subpoena - related motions; doing away with the requirement that the party serving a subpoena requiring document production give notice before the service of the subpoena. In addition, new subpoena forms have been created.

## Rule 9016. Subpoena

Rule 45 F.R.Civ.P. applies in cases under the Code.

## Rule 2004. Examination

(a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

(c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

(d) Time and Place of Examination of Debtor. The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

(e) Mileage. An entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall be first tendered. If the debtor resides more than 100 miles from the place of examination when required to

appear for an examination under this rule, the mileage allowed by law to a witness shall be tendered for any distance more than 100 miles from the debtor's residence at the date of the filing of the first petition commencing a case under the Code or the residence at the time the debtor is required to appear for the examination, whichever is the lesser.

**Notes**

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 29, 2002, eff. Dec. 1, 2002.)

Notes of Advisory Committee on Rules—1983

*Subdivision (a)* of this rule is derived from former Bankruptcy Rule 205(a). See generally 2 Collier, *Bankruptcy* 343.02, 343.08, 343.13 (15th ed. 1981). It specifies the manner of moving for an examination. The motion may be heard *ex parte* or it may be heard on notice.

*Subdivision (b)* is derived from former Bankruptcy Rules 205(d) and 11–26.

*Subdivision (c)* specifies the mode of compelling attendance of a witness or party for an examination and for the production of evidence under this rule. The subdivision is substantially declaratory of the practice that had developed under §21a of the Act. See 2 Collier, *supra* 343.11.

This subdivision will be applicable for the most part to the examination of a person other than the debtor. The debtor is required to appear at the meeting of creditors for examination. The word "person" includes the debtor and this subdivision may be used if necessary to obtain the debtor's attendance for examination.

*Subdivision (d)* is derived from former Bankruptcy Rule 205(f) and is not a limitation on subdivision (c). Any person, including the debtor, served with a subpoena within the range of a subpoena must attend for examination pursuant to subdivision (c). Subdivision (d) applies only to the debtor and a subpoena need not be issued. There are no territorial limits on the service of an order on the debtor. See, *e.g., In re Totem Lodge & Country Club, Inc.*, 134 F. Supp. 158 (S.D.N.Y. 1955).

*Subdivision (e)* is derived from former Bankruptcy Rule 205(g). The lawful mileage and fee for attendance at a United States court as a witness are prescribed by 28 U.S.C. §1821.

*Definition of debtor.* The word "debtor" as used in this rule includes the persons specified in the definition in Rule 9001(5).

*Spousal privilege.* The limitation on the spousal privilege formerly contained in §21a of the Act is not carried over in the Code. For privileges generally, see Rule 501 of the Federal Rules of Evidence made applicable in cases under the Code by Rule 1101 thereof.

Page 7 of **8**

Notes of Advisory Committee on Rules—1991 Amendment

This rule is amended to allow the examination in a chapter 12 case to cover the same matters that may be covered in an examination in a chapter 11 or 13 case.

Committee Notes on Rules—2002 Amendment

*Subdivision (c)* is amended to clarify that an examination ordered under Rule 2004(a) may be held outside the district in which the case is pending if the subpoena is issued by the court for the district in which the examination is to be held and is served in the manner provided in Rule 45 F. R. Civ. P., made applicable by Rule 9016.

The subdivision is amended further to clarify that, in addition to the procedures for the issuance of a subpoena set forth in Rule 45 F. R. Civ. P., an attorney may issue and sign a subpoena on behalf of the court for the district in which a Rule 2004 examination is to be held if the attorney is authorized to practice, even if admitted *pro hac vice*, either in the court in which the case is pending or in the court for the district in which the examination is to be held. This provision supplements the procedures for the issuance of a subpoena set forth in Rule 45(a)(3)(A) and (B) F. R. Civ. P. and is consistent with one of the purposes of the 1991 amendments to Rule 45, to ease the burdens of inter-district law practice.

    RESPECTFULLY SUBMITTED,

    In Caguas, Puerto Rico on the May 15, 2016

    s/*LA Morales*
    LYSSETTE A MORALES VIDAL
    USDC PR #120011
    L.A. MORALES & ASSOCIATES P.S.C.
    URB VILLA BLANCA
    #76 AQUAMARINA STREET
    CAGUAS PUERTO RICO 00725-1908
    TEL (787)746-2434 FAX 258-2658
    E-mail: lamoraleslawoffice@gmail.com

    *On behalf of Creditor YOLANDA MUÑOZ MALDONADO*